25CA0034 Marriage of Conley 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0034
Arapahoe County District Court No. 23DR30135
Honorable Michelle Jones, Judge

In re the Marriage of

Candace Lynn Conley,

Appellee,

and

Lindsay Paul Conley,

Appellant.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Goldman Law, LLC, Scott D. Goldman, Kristina A. Mojsich, Denver, Colorado, for Appellee

J. Gregory Walta, Colorado Springs, Colorado, for Appellant

¶ 1     This is a divorce case involving Lindsay Paul Conley (father) and Candace Lynn Conley (mother).  Father appeals the district court's order on mother's parenting time motion.  We affirm and remand with directions.

## I.     Father's Appeal

¶ 2     The dissolution of marriage decree entered in 2023 and included a parenting plan.  In 2024, mother filed a motion under section 14-10-129.5(1), C.R.S. 2025, alleging that father was not following the parenting plan.  The district court held a hearing on mother's motion.

¶ 3     At that hearing, father sought to introduce photos and videos from 2022, before the decree entered.  Father claimed that the photos and videos showed mother physically abusing various family members, including the three children.  He also sought to elicit testimony from the children about mother's alleged domestic violence.  The district court refused to view the photos and video, let alone admit them.  For reasons that are not entirely clear from the record but are irrelevant to resolving this appeal, none of the children testified.  The court then issued an order on mother's motion that modified the previous parenting time order.

¶ 4     Father appeals, arguing that the district court erred by failing to view or admit the 2022 photos and video and take testimony from the children.[1]  He urges us to review this issue as a pure question of law.  Crucially, however, he fails to identify any authority that the court's actions might have violated, let alone explain why the court's actions violated it.

¶ 5     The closest father comes to identifying relevant authority is his conclusory assertion that the court violated section 14-10-124(4)(d), C.R.S. 2025.  That provision says, "When the court finds by a preponderance of the evidence that one of the parties has committed child abuse or neglect [or] domestic violence . . . the court shall consider, as the primary concern, the safety and well-being of the child and the abused party."  § 14-10-124(4)(d).

¶ 6     As far as we can tell, the district court never made a finding that would have triggered section 14-10-124(4)(d)'s application here.  And father does not explain why section 14-10-124(4)(d) applies despite the absence of a triggering finding.  Nor does he identify any

---

[1] In his appeal, father also sought to challenge the district court's order that father's counsel had to pay some of mother's attorney fees.  But that portion of the appeal was dismissed.

2

other authority the court supposedly violated by failing to view and admit the 2022 photos and video or allegedly excluding the children's testimony.[2]

¶ 7     It is not our job to divine what authority the district court's actions might have violated.  It is father's job not only to identify that authority but also to explain why its application here warrants relief.  *See People v. Sanders*, 2023 CO 62, ¶ 16.  Father has failed to do that.[3]  We therefore reject his argument without further analysis.  *See In re Marriage of Zander*, 2019 COA 149, ¶ 27 (declining to address arguments unsupported by legal authority or meaningful analysis).

---

[2] Father's opening brief references sections 13-90-106(1)(b)(I), C.R.S. 2025, and 14-10-124(1.5)(a)(II), C.R.S. 2025.  But father only references these sections in his statement of facts — he does not clearly allege that the district court violated these provisions, much less explain how.  We therefore conclude that any alleged violations of these sections are not properly before us.  *See In re Marriage of Zander*, 2019 COA 149, ¶ 27 (declining to address arguments unsupported by legal authority or meaningful analysis), *aff'd*, 2021 CO 12.

[3] Indeed, there is scant legal argument anywhere in father's brief.  Most of it is a lengthy recitation of the case's procedural and factual history.

## II. Appellate Attorney Fees and Costs

¶ 8 Mother requests her reasonable attorney fees and costs incurred on appeal under C.A.R. 39(a)(2) and 39.1. We grant that request.

## III. Disposition

¶ 9 The order is affirmed, and the case is remanded to the district court with directions to award mother her reasonable attorney fees and costs incurred in defending the appeal.

JUDGE FREYRE and JUDGE YUN concur.